MILLER, APPELLANT, v. RUHLIN CONSTRUCTION, INC., APPELLEE.

[Cite as *Miller v. Ruhlin Constr., Inc.,* 95
Ohio St.3d 532, 2002-Ohio-2840.]

(No. 2001–0947—Submitted May 8, 2002—Decided June 26, 2002.)

{¶ 1} The judgment of the court of appeals is reversed on the authority of *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, and the cause is remanded to the trial court for further proceedings.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

COOK, J., dissenting.

{¶ 2} When the trial court granted summary judgment in favor of Ruhlin Construction, it cited and applied *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, as the controlling law governing the elements of an employer intentional tort claim. In affirming the trial court's judgment, the court of

appeals likewise applied *Fyffe* in its analysis.  Given that both lower courts relied on *Fyffe*, the majority's summary reversal "on the authority of *Fyffe*" is cryptically unhelpful to the trial court on remand.  Although the trial court will certainly infer from today's decision that it misapplied the relevant precedent, it is left with no explanation of how it did so.

{¶ 3}  In any event, I find no basis for reversal in this case and would affirm the judgment of the court of appeals for the reasons stated in its opinion.  On the record before us, the trial court was correct to grant summary judgment in favor of Ruhlin Construction.  I therefore respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---

Perantinides & Nolan Co., L.P.A., Paul G. Perantinides and Antonios P. Tsarouhas, for appellant.

Buckingham, Doolittle & Burroughs, L.L.P., Orville L. Reed III and A. Elizabeth Cargle, for appellee.